# EXHIBIT "A"

6/2/21

**CLERK OF THE COURT**
**ORLANDO VELASQUEZ**
**STARR COUNTY COURTHOUSE**
**RIO GRANDE CITY, TEXAS 78582**

Attorney(s)

EDGAR E. GARCIA, JR.
ZAMBRANO LAW FIRM
3900 N. 10TH STREET, STE. 970
MCALLEN, TX 78501
jesse@zambranolawfirm.com

## <u>CITATION</u>

TO: E E Transport, LLC
    Registered Agent: Eladio E. Moreno
    44 N. Colima St.
    Roma, Texas 78584
    Or wherever he may be found.

DEFENDANT, in the hereafter and styled and numbered cause: <u>**DC-21-180**</u>
You are hereby commanded to appear by filing a written answer to the Plaintiff's **ORIGINAL PETITION, JURY DEMAND, AND REQUESTS FOR DISCLOSURE** at or before 10 o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the **Honorable Baldemar Garza IN THE 229TH DISTRICT COURT OF STARR COUNTY, TEXAS** at the Court House of said County in Rio Grande City, TX.  Said PETITION was filed on the **7th day of May, 2021** in this cause numbered <u>**DC-21-180**</u> on the docket of said court, and styled,

**JOVANNA GONZALEZ AND OREL CHAPA, PLAINTIFFS, V. ROMULO GAMEZ, ELADIO MORENO, AND E E TRANSPORT, LLC, DEFENDANTS.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's **ORIGINAL PETITION, JURY DEMAND, AND REQUESTS FOR DISCLOSURE** accompanying this citation and made a part hereof.
    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.
Issued and given under my hand and seal of said Court of this office, this **10th day of May, 2021**.



Orlando Velasquez,

Starr County District Clerk
229TH DISTRICT COURT
Starr County, Texas
By: Ana Martinez
    Deputy Clerk

NOTICE TO THE DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawhelp.org

## OFFICER'S RETURN

Came to hand on the _____ day of _____, _____ at _____ o'clock _____ .M.
Executed at _____, within the County of _____, at _____ o'clock ___ .M.
On the _____ day of _____, _____, by delivering to the within named _____ a true copy of this citation together with the accompanying copy of this petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Not executed, the diligence used to execute being _____; for the following reason _____, the defendant may be found _____
Total fee for serving this citation _____     Sheriff Account No. _____
To certify which witness my hand officialy.
Sheriff of Starr County, Texas                                    by:_____ Deputy

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT**

In accordance with Rule 107: The officer authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT
Executed in _____ county, state of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(ID# & expiration of certification)

File No. **DC-21-180**
CITATION FOR PERSONAL SERVICE IN STATE
**JOVANNA GONZALEZ AND OREL CHAPA, PLAINTIFFS, V. ROMULO GAMEZ, ELADIO MORENO, AND E E TRANSPORT, LLC., DEFENDANTS.**
229TH DISTRICT COURT
OF STARR COUNTY, TEXAS

**ISSUED**
THIS **10**th day of **May 2021.**
Orlando Velasquez
CLERK DISTRICT COURT
BY: *Ana Martinez*
DEPUTY CLERK

**FILED**
This _____ day of _____, _____
At _____ o'clock ____ .M.
Orlando Velasquez
CLERK OF THE COURT
BY: _____. DEPUTY

DC-21-180

Starr County - District Clerk

Filed: 5/7/2021 4:03 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Ana Martinez

CAUSE NO. DC-21-180 _____

| | | |
|---|---|---|
| JOVANNA GONZALEZ and OREL CHAPA, Plaintiffs, | § § § | IN THE DISTRICT COURT |
| v. | § § § | 229 ___ JUDICIAL DISTRICT |
| ROMULO GAMEZ, ELADIO MORENO, and E E TRANSPORT, LLC., Defendants. | § § § § | STARR COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUESTS FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Plaintiffs, JOVANNA GONZALEZ and OREL CHAPA, complaining of Defendants, ROMULO GAMEZ, ELADIO MORENO, and E E TRANSPORT, LLC, and for cause of action will respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend to conduct discovery under Level 3 as set forth in Texas Rules of Civil Procedure 190.4.

### II.
### CLAIM FOR RELIF

2. Plaintiffs seek monetary relief over $250,000.00 but more than $1,000,000.00.

### III.
### PARTIES AND SERVICE

3. Plaintiff, JOVANNA GONZALEZ, is an Individual and Texas resident who resides in Starr County, Texas, and she may be served with any documents in this lawsuit by serving her attorneys of record named below.

4. Plaintiff, OREL CHAPA, is an Individual and Texas resident who resides in Starr

1

County, Texas, and he may be served with any documents in this lawsuit by serving his attorneys of record named below.

5. Defendant, ELADIO MORENO, is an individual and Texas resident, and he may be served with process at 44 N. Colima St., Roma, Texas 78584, or wherever he may be found. Service on said Defendant can be affected by private process server.

6. Defendant, E E TRANSPORT, LLC., is a domestic limited liability company doing business in the State of Texas and it may be served with process through its registered agent Eladio E. Moreno at 44 Colima St., Roma, Texas 78584, or wherever he may be found.

7. Defendant, ROMULO GAMEZ, is an individual and Mexico resident, who resides at E. Privada 249 Mezquital Del Miguel Aleman, Mexico. By virtue of the operation of a motor vehicle on the public roads of Texas, as more particularly described below, the Defendant, ROMULO GAMEZ, has appointed the Chair of the Texas Transportation Commission, J. Bruce Bugg, Jr., as his agent on whom citation can served in accordance with § 17.063 of the Texas Civil Practice and Remedies Code at 125 E. 11th St., Austin, Texas 78701.

## IV.
## JURISDICTION AND VENUE

8. The subject matter in controversy is within the jurisdictional limits of this court.

9. Venue in Starr County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this claim occurred in Starr County.

## V.
## FACTS

10. On January 31, 2020, Plaintiffs, JOVANNA GONZALEZ AND OREL CHAPA, were stationary on US Highway 83 due to a red traffic signal light. Defendant, ROMULO GAMEZ, was traveling on US Highway 83 in a semi-truck owned by Defendants, ELADIO MORENO and E E TRANSPORT, LLC., approaching Plaintiffs' vehicle from the rear. Defendant, ROMULO GAMEZ, failed to control the speed of the semi-truck and violently collided into the rear of Plaintiffs' vehicle. The collision caused serious bodily injuries to Plaintiffs, JOVANNA GONZALEZ AND OREL CHAPA.

## VI.
## NEGLIGENCE OF DEFENDANT ROMULO GAMEZ

11. Defendant, ROMULO GAMEZ, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under the same or similar circumstances as to those described herein.

12. The negligent, careless, and reckless disregard of said duty by Defendant, ROMULO GAMEZ, consisted of the following acts and omissions:

   A. Defendant, ROMULO GAMEZ, failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. Defendant, ROMULO GAMEZ, failed to control the speed of his vehicle;

   C. Defendant, ROMULO GAMEZ, failed to keep a safe following distance; and

   D. Defendant, ROMULO GAMEZ, failed to take proper evasive action to the avoid the incident complained of.

13. Plaintiffs injuries were proximately caused by Defendant's, ROMULO GAMEZ, negligent, careless, and reckless disregard of said duty.

14. Each of these acts and/or omissions, whether taking singularly or in any combination constitute negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set for herein, all of which Plaintiffs suffered and which they will continue to suffer in the future, if not for the remainder of their natural life.

## VII.
## NEGLIGENCE OF DEFENDANTS ELADIO MORENO AND E E TRANSPORT, LLC.

15. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, ROMULO GAMEZ, was within the course and scope of his employment with Defendants, ELADIO MORENO and E E TRANSPORT, LLC.

16. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, ROMULO GAMEZ, was engaged in the furtherance of Defendants', ELADIO MORENO and E E TRANSPORT, LLC., business.

17. Plaintiffs invoke the doctrine of Respondent Superior against Defendants, ELADIO MORENO and E E TRANSPORT, LLC., for the actions and inactions of Defendant, ROMULO GAMEZ.

18. Defendants, ELADIO MORENO and E E TRANSPORT, LLC., are liable under the doctrine of Respondent Superior in that Defendant, ROMULO GAMEZ, was operating the vehicle in the course and scope of his employment with Defendants, ELADIO MORENO and E E TRANSPORT, LLC.

19. Defendants, ELADIO MORENO and E E TRANSPORT, LLC., are also negligent in one or more of the following respects:

    F.    Negligent hiring of Defendant ROMULO GAMEZ;

    G.    Negligent training of Defendant ROMULO GAMEZ;

    H.    Negligent supervision of Defendant ROMULO GAMEZ; and

    I.    Negligent retention of Defendant ROMULO GAMEZ

20.    Each of these acts and/or omissions, whether taking singularly or in any combination constitute negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set for herein, all of which Plaintiffs suffered and which they will continue to suffer in the future, if not for the remainder of their natural life.

## VIII.
## NEGLIGENT ENTRUSTMENT OF A MOTOR VEHICLE BY ELADIO MORENO AND E E TRANSPORT, LLC.

21.    Defendants, ELADIO MORENO and E E TRANSPORT, LLC., negligently entrusted a motor vehicle to Defendant, ROMULO GAMEZ. Defendant, ROMULO GAMEZ, was either unlicensed, incompetent, or a reckless driver. Defendants, ELADIO MORENO and E E TRANSPORT, LLC., knew or should have known that such person was unlicensed, incompetent, or a reckless driver. Defendant, ROMULO GAMEZ, was negligent on the occasion in question, which proximately caused Plaintiffs' injuries.

## IX.
## EXEMPLARY DAMAGES

22.    The above-referenced acts and/or omissions by Defendants constitute gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risks but nevertheless proceeding with conscious indifference to the right, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the

resulting injuries and damages sustained by Plaintiffs.

23. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and to others.

24. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeding with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

25. Therefore, for such gross negligence on behalf of Defendants, Plaintiffs sue for exemplary damages in an amount to be determined at trial.

## X.
## COMPENSATORY DAMAGES

26. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have suffered and incurred the following damages:

    A.    Reasonable medical care and expenses in the past;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Physical impairment in the past;

    F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    G.    Loss of earnings in the past;

    H.    Loss of earning capacity which will, in all probability, be incurred in the future;

    I.    Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    J.     Disfigurement in the past;

    K.    Disfigurement in the future;

    L.     Mental anguish in the past;

    M.   Mental anguish in the future; and

    N.    Cost of medical monitoring and prevention in the future.

27. Plaintiffs have suffered losses and damages in a sum within the Court's jurisdictional limit, and for which this lawsuit is brought.

## XI.
## DISCOVERY REQUESTS TO DEFENDANTS

28. Under Texas Rules of Civil Procedure 194, Plaintiffs requests that Defendants disclose the information described in Rule 194.2.

## XII.
## DEMAND FOR JURY TRIAL

29. Plaintiffs demand a jury trial in this above styled and numbered cause.

## XIII.
## PRAYER

**PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

ZAMBRANO LAW FIRM

_____
**JESUS A. ZAMBRANO**
State Bar No. 24044947
**EDGAR E. GARCIA**
State Bar No. 24096508
**ANDRES A. LOPEZ**
State Bar No. 24052890
3900 N. 10th Street, Suite 970
McAllen, Texas 78501
(956) 627-0908 voice
(956) 627-0762 facsimile
ATTORNEYS FOR PLAINTIFFS